# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2010-CT-01664-SCT

*WILLIAM MARTIN FALKNER AND WIFE,*
*VALERIE J. FALKNER*

*v.*

*JOHN E. STUBBS, JR. d/b/a MISSISSIPPI*
*POLYSTEEL*

## ON MOTION FOR REHEARING

## ON WRIT OF CERTIORARI

DATE OF JUDGMENT:                          09/01/2010
TRIAL JUDGE:                               HON. HENRY L. LACKEY
COURT FROM WHICH APPEALED:    CHICKASAW COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANTS:        JOHN P. FOX
ATTORNEY FOR APPELLEE:           GENE BARTON
NATURE OF THE CASE:                 CIVIL - REAL PROPERTY
DISPOSITION:                             THE JUDGMENT OF THE COURT OF
                                               APPEALS IS AFFIRMED.  THE JUDGMENT
                                               OF THE CHICKASAW COUNTY CIRCUIT
                                               COURT IS AFFIRMED IN PART AND
                                               REVERSED IN PART AND REMANDED -
                                               08/22/2013
MOTION FOR REHEARING FILED:   03/15/2013
MANDATE ISSUED:

     **EN BANC.**

     **CHANDLER, JUSTICE, FOR THE COURT:**

¶1.     John Stubbs's motion for rehearing is granted.  The original opinion is withdrawn,

and this opinion is substituted therefor.

¶2. Stubbs was awarded damages for breach of contract after he sued Martin and Valerie Falkner to enforce a construction lien on their home. The Court of Appeals affirmed the circuit court's judgment, but reversed its award of attorney's fees and prejudgment interest, finding that Stubbs's recovery was based in *quantum meruit* and thus, attorney's fees and prejudgment interest were unavailable remedies. Stubbs petitioned for certiorari, arguing that the Court of Appeals failed to consider various statutory grounds for an award of attorney's fees and prejudgment interest and requested that we reinstate the circuit court's award. We granted certiorari on the issue of prejudgment interest and attorney's fees. Although the Court of Appeals did not discuss the statutes Stubbs raises, we find that those statutes provide an insufficient basis for an award of either prejudgment interest or attorney's fees in this case; therefore, we affirm the Court of Appeals' decision. The judgment of the Chickasaw County Circuit Court is affirmed in part and reversed in part, and the case is remanded to the circuit court for a final determination of Stubbs's award without prejudgment interest or attorney's fees.

**FACTS**

¶3. In April 2000, Martin Falkner and John Stubbs orally agreed that Stubbs would construct a basement for the Falkners' planned log-cabin home near Houston, Mississippi, at a total cost of $25,000. The parties had little discussion concerning the itemized costs of the project. Stubbs completed the basement and received full compensation for that work. After he completed the basement, the Falkners asked Stubbs to help them build additional

2

portions of the home "step by step." At no time was there any written agreement between Stubbs and the Falkners regarding the scope of the work to be done or the price Stubbs was to be paid. Stubbs's testimony was that he agreed to undertake the nonbasement work at the cost of his actual time and material expenses.

¶4. Before agreeing to the basement work, the parties discussed how much the entire home would cost to build. Martin Falkner testified that Stubbs told him the entire house could be built for $100,000, with the nonbasement work costing $75,000. Stubbs maintained that his estimate had been that the entire house would cost at least $150,000 to $200,000 to complete, even though the Falkners already had acquired most of the logs needed for the home. Stubbs testified that he told the Falkners his hourly labor rate was $25 per hour plus half that amount for travel time, while Martin Falkner maintained he was told Stubbs's labor would be $18 per hour and that there was no discussion of travel time. The parties' only discussion of the total price to build the home or of Stubbs's hourly rate took place during negotiations to build the basement, and Stubbs's labor and travel rates were not discussed again when the Falkners asked Stubbs to work beyond the original basement agreement.

¶5. Stubbs provided no invoices or statements during the time he worked on the house, but he received periodic advances or "draws" from the Falkners to cover his expenses. When the length and costs of the project surpassed the Falkners' expectations, the Falkners told Stubbs to stop work on the house. Stubbs testified that, up to that time, the Falkners had paid him $45,840.25 and that he was owed $25,256.43 for outstanding costs. The Falkners'

3

position was that, based on the $100,000 they believed to be the total cost of the home and the amount of work left to be done, they actually had overpaid Stubbs at that point.

¶6.    Stubbs filed a construction lien on the Falkners' home and sued the Falkners for outstanding construction costs. After a bench trial, the circuit court found that the parties had entered into and performed an oral contract for Stubbs to build the basement for $25,000. Further, it found that the Falkners had asked Stubbs to continue to work on the home "without a full understanding or written contract," and that the parties had entered an "oral contract for the purpose of constructing the dwelling and the compensation was not adequately discussed." The circuit court awarded Stubbs the value of "his services, the services of his workmen, travel expense and materials purchased by Plaintiff for the dwelling," with Stubbs's and his workmen's hourly labor and travel rates determined on a *quantum meruit* basis. In addition, the circuit court awarded Stubbs prejudgment and post-judgment interest at the rate of eight percent each, along with the cost of Stubbs's attorney's fees, which totaled nearly $20,000. The final judgment explicitly stated that "Plaintiff is entitled to attorney fees, pre-judgment interest and post-judgment interest for Defendant's breach of the oral contract," and it mentioned only a monetary award based on the breach of contract. It did not include any provision for the sale of the property or execution of Stubbs's lien.

¶7.    The Court of Appeals upheld the circuit court's judgment with the exception of the award of attorney's fees and prejudgment interest. Because the circuit court had used *quantum meruit* to determine Stubbs's hourly fee, the Court of Appeals held that "the instant

4

case involves a contract implied in law . . . and is, therefore a quantum meruit suit," such that "the circuit court's award of pre-judgment interest and attorney's fees was improper." Stubbs petitioned for certiorari, arguing that the Court of Appeals had failed to consider whether there was a statutory basis for the circuit court's award of these remedies. We granted certiorari solely to determine whether these statutes support an award of prejudgment interest and attorney's fees.

## STANDARD OF REVIEW

¶8.     On appeal, we give a circuit-court judge presiding in a bench trial "the same deference with regard to his findings as a chancellor." *City of Jackson v. Perry*, 764 So. 2d 373, 376 (Miss. 2000). Therefore, we review the circuit court's interpretation and application of the law de novo, and its findings of fact will not be reversed if supported by substantial evidence. *In re Estate of Smith*, 69 So. 3d 1, 4 (Miss. 2011). The standard for reviewing both an award of prejudgment interest and attorney's fees is abuse of discretion. *Id.*; *Bailey v. Estate of Kemp*, 955 So. 2d 777, 787 (Miss. 2007).

## DISCUSSION

¶9.     The Court of Appeals reversed the award of prejudgment interest and attorney's fees, holding that Stubbs should recover solely under a contract implied in law. If this were so, Stubbs would not be entitled to attorney's fees or prejudgment interest under our prior decisions. *Southland Enters., Inc. v. Newton County*, 838 So. 2d 286, 291 (Miss. 2003) (holding that "a suit based on quantum merit precludes recovery of prejudgment interest and

5

attorney fees"). Stubbs argues that this is not a case based in *quantum meruit* at all, but that the circuit judge found there was an oral contract.

¶10.   The judgment indicates the circuit judge applied *quantum meruit* only to fix the disputed rate for Stubbs's labor and travel time. The award of damages, and especially of attorney's fees and prejudgment interest, was explicitly based on the Falkners' breach of an oral contract, not a contract implied in law. The circuit court's findings of fact were supported by substantial evidence and should not be overturned. However, we find no applicable statutory basis for the circuit court's award of attorney's fees or prejudgment interest, even if Stubbs's recovery is based solely on an express contract rather than in *quantum meruit*.

## 1.    Prejudgment Interest

¶11.   Stubbs contends the award of prejudgment interest was justified under Mississippi Code Section 87-7-3, which allows for interest penalties for late payments to a contractor who has made improvements to real estate. In relevant part, it provides that "final payments of all monies owed contractors shall be due and payable . . . [w]hen the owner beneficially uses or occupies the project," and that "[i]f the contractor is not paid in full within thirty (30) calendar days from [the time payment is due], then the final payment shall bear interest . . . at the rate of one percent (1%) per month until fully paid." Miss. Code Ann. § 87-7-3 (Rev. 2011).

6

¶12.   Although not expressly stated, the circuit court appears to have relied on Mississippi Code Section 75-17-1, which provides for eight percent interest on all contracts absent a written provision otherwise.  Under our previous cases, an award of prejudgment interest under Section 75-17-1 would be improper where a claim for damages is unliquidated. *Moeller v. Am. Guar. & Liab. Ins. Co.*, 812 So. 2d 953, 959-60 (Miss. 2002).  Damages are unliquidated if they are not set forth in the terms of the contract itself, or if they are "established by a verdict or award but cannot be determined by a fixed formula." *Id.*  While a judge has discretion to award prejudgment interest, "no award of prejudgment interest may rationally be made where the principal amount has not been fixed prior to judgment." *Stockstill v. Gammill*, 943 So. 2d 35, 50 (Miss. 2006) (quoting *Coho Res., Inc. v. McCarthy*, 829 So. 2d 1, 19-20 (Miss. 2002)).

¶13.   Neither Section 75-17-1 nor Section 87-7-3 mentions whether monies owed contractors must be liquidated in order for the respective statute's grant of prejudgment interest to apply.  However, the same considerations which preclude a recovery of prejudgment interest for unliquidated amounts owed under Section 75-17-1 apply to Section 87-7-3.  Therefore, Stubbs must show that his claims against the Falkners were liquidated prior to the judgment in order to recover prejudgment interest under either statute.

¶14.   The amount of Stubbs's claim was clearly in dispute, and the trial court resorted to *quantum meruit* to fix the exact amount of Stubbs's damages.  There has been no finding that the Falkners disputed the amount owed in bad faith, and we make none today.  The Falkners' actions were consistent with a belief that they had been overcharged and with the trial

7

judge's finding that "compensation was not adequately discussed." We previously have held that where "there is a bona fide dispute as to the amount of damages as well as the responsibility for the liability therefor," a claim is unliquidated and prejudgment interest is unavailable. *Moeller v. Am. Guar. & Liab. Ins. Co.*, 812 So. 2d 953, 960 (Miss. 2002) (quoting *Simpson v. State Farm Fire & Cas. Co.*, 564 So. 2d 1374, 1380 (Miss. 1990)). Because the amount of Stubbs's claim was unliquidated at the time payment was due, he is not entitled to prejudgment interest.

## 2. Attorney's Fees

¶15. Stubbs's claim that he is entitled to his reasonable attorney's fees also fails. We previously have stated that attorney's fees are a special remedy available only when expressly provided for in either a statute or contract, or when there is sufficient proof to award punitive damages. *Stanton & Assocs., Inc. v. Bryant Constr. Co., Inc.*, 464 So. 2d 499, 502 (Miss. 1985); *see also McLain v. W. Side Bone & Joint Ctr.*, 656 So. 2d 119, 123 (Miss. 1995) ("Normally, attorney's fees are not granted unless a statute or other authority so provides.").

¶16. Stubbs relies on Mississippi Code Section 85-7-181 as the basis for his recovery of attorney's fees. While this statute does provide for attorney's fees, it is inapplicable to this case. This "stop-notice" statute was designed to provide a remedy for subcontractors – who are excluded from the protection of Mississippi's contractor's lien statute – by forcing the owner of a project to withhold funds due to a contractor when that contractor refuses to pay

8

the subcontractor. Miss. Code Ann. § 85-7-181 (Rev. 2011). Stubbs's claim, however, involves a dispute directly between a contractor and a project owner. Because Section 85-7-181 does not apply to Stubbs's claim, Stubbs is not entitled to attorney's fees under its provisions.[1]

¶17. Stubbs actually styled his initial construction lien against the Falkners' home under Section 85-7-181, rather than under the contractor's lien statutes contained in Sections 85-7-131 through 85-7-157. Attorney's fees are available under Section 85-7-151, which provides:

> In case judgment be given for the plaintiff against the builder it shall be entered against him generally . . . with costs, as in other cases, and with attorney's fees as provided below, ***and with a special order for the sale of the property upon which the lien exists*** for the payment thereof and for an execution, as in other cases, for the residue of what may remain unpaid, after the sale of the property.

Miss. Code Ann. § 85-7-151 (Rev. 2011) (emphasis added). Even though Stubbs brought this action to enforce his contractor's lien, the circuit court entered judgment for breach of contract only and made no provision for the sale of the Falkners' property to satisfy the judgment. Having recovered only damages owed under a breach of contract, Stubbs is not entitled to the attorney's fees provided for under Section 85-7-151 in an action to enforce a

---

[1] The United States District Court for the Northern District of Mississippi recently held Section 85-7-181 to be facially unconstitutional. ***Noatex Corp. v. King Constr. of Houston, LLC***, 864 F. Supp. 2d 478, 490 (N.D. Miss. 2012) (holding that "Mississippi's stop notice statute violates due process by authorizing what is in practical effect the prejudgment attachment of funds without prior notice and a hearing, or an acceptable post-seizure remedy.").

contractor's lien. *Garner v. Hickman*, 733 So. 2d 191, 198 (Miss. 1999) (precluding recovery of attorney's fees under Section 85-7-151, even though plaintiff had filed such a lien, where plaintiff sued only for breach of contract but did not sue to enforce the contractor's lien).

## CONCLUSION

¶18. Finding no statutory basis for an award of either attorney's fees or prejudgment interest, we hold that the circuit court abused its discretion in awarding such to Stubbs. For these reasons, we affirm the decision of the Court of Appeals and remand the case to the circuit court for a final determination of Stubbs's award without prejudgment interest or attorney's fees.

¶19. **THE JUDGMENT OF THE COURT OF APPEALS IS AFFIRMED. THE JUDGMENT OF THE CHICKASAW COUNTY CIRCUIT COURT IS AFFIRMED IN PART AND REVERSED IN PART AND REMANDED.**

**WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., LAMAR, KITCHENS, PIERCE, KING AND COLEMAN, JJ., CONCUR**.