# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CA-00700-COA

**HILARY MASLON**                                                                        **APPELLANT**

**v.**

**KENNY BROWN**                                                                          **APPELLEE**

DATE OF JUDGMENT:               03/27/2013
TRIAL JUDGE:                    HON. JOHN ANDREW GREGORY
COURT FROM WHICH APPEALED:      MARSHALL COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:         LAURANCE NICHOLAS CHANDLER
                                ROGERS
ATTORNEY FOR APPELLEE:          KENT E. SMITH
NATURE OF THE CASE:             CIVIL - PROPERTY DAMAGE
TRIAL COURT DISPOSITION:        ORDERED THE PARTIES TO SHARE THE
                                COSTS OF CONSTRUCTING A 1,320-
                                FOOT-LONG FENCE TO SEPARATE THEIR
                                PROPERTIES AND ORDERED MASLON
                                TO PAY BROWN $2,150 IN DAMAGES
DISPOSITION:                    AFFIRMED - 09/30/2014
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE LEE, C.J., ISHEE AND JAMES, JJ.**

**JAMES, J., FOR THE COURT:**

¶1.     This case arises out of an action initiated by Kenny Brown against Hilary Maslon in the Justice Court of Marshall County for damages he suffered as a result of Maslon's cattle trespassing onto his property. The justice court ruled in favor of Brown, awarding him $3,500 in damages. Maslon appealed to the Circuit Court of Marshall County, where a bench trial de novo was held. The trial court awarded damages of $2,150 to Brown. Maslon appeals raising the following issues: whether damages to Brown's property were established

with reasonable certainty, and whether the failure to itemize the damages award requires a new hearing. Finding no error, we affirm.

**FACTS**

¶2. Brown and Maslon own adjacent parcels of property. Brown sought relief for the trespass of Maslon's cattle onto his property in the justice court. On May 5, 2012, the justice court issued an order awarding Brown $3,500 in damages. Maslon did not attend the proceedings in justice court. Maslon appealed to the circuit court and retained counsel. Brown retained counsel on appeal as well. A bench trial was held on February 21, 2013.

¶3. At trial, Brown testified that he called the sheriff's department several times as a result of the trespass. Brown further testified that the cattle had trespassed onto his property at least twenty-five times since he started to document the incidents, but many times before he started to keep record of the incidents. On cross, Brown gave a "rough estimate" that there were "probably closer to fifty total" incidents of trespass on his property. Brown also estimated that the cows consumed seven or eight bales of hay over the years of trespassing.

¶4. Brown estimated that he spent eighty hours repairing the fence and rounding up cattle. Brown stated that if he hired a laborer to fix the fence and round up the cattle he would pay them $10 an hour. Brown also stated that the cows destroyed fifty oak trees and twenty-five cypress trees during the trespass incidents and the cost of replacing the trees was $165. However, Gene Ash, an employee of Malson, also testified that during the five to six years working there, he never saw any trees planted along the fence. Maslon testified that she did not see any trees planted along the fence.

2

¶5.     Maslon testified that she moved the cattle to a different field once she learned of her cattle crossing the fence. However, after a calf wandered into the road, she moved the cattle back to the field adjacent to Brown's property. At the conclusion of the trial, the trial judge awarded Brown $2,150 in damages and ordered that Brown and Maslon share the cost in building a hogwire fence to separate their properties. Maslon appealed.

## STANDARD OF REVIEW

¶6.     When reviewing a circuit court's judgment after a bench trial, the circuit court judge receives "the same deference with regard to his findings as a chancellor." *Faulkner v. Stubbs,* 121 So. 3d 899, 902 (¶8) (Miss. 2013). "Therefore, we review the circuit court's interpretation and application of the law de novo, and its findings of fact will not be reversed if supported by substantial evidence." *Id.* When a chancellor's findings are reviewed, the appellate court applies the "manifest error/substantial evidence rule." *Warren v. Derivaux,* 996 So. 2d 729, 734 (¶10) (Miss. 2008). That is, this Court will not disturb the findings of the chancellor unless they are "manifestly wrong or clearly erroneous." *Id .*at 734-35 (¶10).

¶7.      "This Court must examine the entire record and accept that evidence which supports or reasonably tends to support the findings of fact made below, together with all reasonable inferences which may be drawn therefrom and which favor the lower court's findings of fact." *Callahan v. Ledbetter,* 992 So. 2d 1220, 1224 (¶8) (Miss. Ct. App. 2008).

## DISCUSSION

**I.      Whether damages to Brown's property were established with reasonable certainty.**

3

¶8. Maslon argues that Brown failed to provide records or other documentation to support his claim of damages. Maslon contends that Brown only offered speculation and conjecture as to his damages. Maslon asserts that the evidence ultimately offered did not support Brown's claim of damages with a reasonable certainty.

¶9. It is undisputed that Maslon's cattle trespassed onto Brown's property. It is also undisputed that the trespass caused damage to Brown's property. The value of the damages suffered by Brown, however, Maslon disputes. The plaintiff has the burden of proving damages. *Evans v. Clemons,* 872 So. 2d 23, 29 (¶21) (Miss. Ct. App. 2003). It is the character of damage assessments that it "contain a measure of conjecture." *Id.* "The question then is whether the judgment is based upon excessive speculation." *Id.*

¶10. At trial, Brown testified that Maslon's cattle trespassed onto his property several times. Due to the nature of the trespass, some speculation is to be expected as to the exact number of times cattle wandered over the fence. Brown also estimated how many hours he spent repairing his fence, what he would charge to do such work, the bales of hay he lost, and the amount of money each lost bale was worth. The supreme court has stated: "[W]here it is reasonably certain that damage has resulted, mere uncertainty as to the amount will not preclude the right of recovery or prevent a jury decision awarding damages." *TXG Intrastate Pipeline Co. v. Grossnickle,* 716 So. 2d 991, 1016 (¶80) (Miss. 1997).

¶11. Mississippi Code Annotated section 69-13-19 (Rev. 2012) provides:

> Every owner of livestock referred to in Section 69-13-1 shall be liable for damages for all injuries and trespasses committed by such animals by breaking and entering into or upon the lands, grounds, or premises of another person; and the person injured shall have a lien upon the animal, or animals, trespassing for all such damage. The damages for such trespass shall not be

4

less than ten dollars ($10.00) for each horse, cow or hog, and five dollars ($5.00) for each of the other kinds of stock; and for every succeeding offense, after the owner has been notified of the first trespass or injury, double damages shall be recovered with costs. For breaking or entering into a pasture or waste ground, however, double damage shall not be recoverable, and the damages in such cases may be assessed as low as eight dollars ($8.00) for each horse, cow or hog and two dollars ($2.00) for each of the other kinds of livestock.

The statute provides a guideline for the trial court to follow when calculating damages. The damages can be assessed for as little as eight dollars, but the statute does not limit the court's ability to impose heftier sums per trespassing event. It is within the trial court's discretion to assess damages in order to make the injured party whole.

¶12. Here, the damage to Brown's property was temporary in nature and could be corrected through repairs. When the injury to land is temporary and can be restored, the appropriate measure of damages is the cost of restoration. *R&S Dev. Inc. v. Wilson,* 534 So. 2d 1008, 1012 (Miss. 1988). The Supreme Court of Mississippi has held "[t]he rule that damages, if uncertain, cannot be recovered, applies to their nature, not to their extent. If the damage is certain, the fact that its extent is uncertain does not prevent a recovery." *Tupelo Redevelopment Agency v. Gray Corp.,* 972 So. 2d 495, 516 (¶62) (Miss. 2007). As we noted earlier, it is undisputed that the cattle trespassed and caused damage. Accordingly, this issue is without merit.

**II.    Whether the failure to itemize the damages required a new hearing.**

¶13. Maslon asserts that the damages should be itemized and determined in a new hearing. Maslon also argues that Brown should not be awarded attorney's fees because they are not authorized contractually and do not satisfy any statute. Malson claims that Brown attempted

to recover damages for lost profits. Additionally, Maslon argues that the number of times Maslon's cows trespassed onto Brown's pasture is essential in the itemization of damages.

¶14. Maslon relies on *Wilty v. Alpha*, 99 So. 3d 830 (Miss. Ct. App. 2012), to substantiate her claim that the damages were too general to support the award. However in *Wilty,* Wilty alluded to the fact that the wife was very unhappy and had been prescribed Zoloft. *Id*. at 836 (¶29). Other than testimony that the wife was generally unhappy, which was out of character, there was no documentation or testimony as to what specifically made her unhappy or how she was injured as a result. *Id*. at (¶¶30-31). In the case at bar, Brown and his wife testified about the damages and the nature of them, as opposed to a generalization of possible injuries to the property. It is evident, however, from the trial court's statements at trial that a portion, if not all, of the damages are to reimburse Brown for the injuries he suffered as a result of the trespass. In short, there is testimony and evidence in the form of police reports that establish damages to Brown's property.

¶15. Further, this Court has held that "[i]n a bench trial, the chancellor determines the amount of damages. This amount will not be set aside unless it is unreasonable and outrageous." *DiMa Homes Inc. v. Stuart,* 873 So. 2d 140, 146 (¶30) (Miss. Ct. App. 2004). The damages awarded by the circuit court were not unreasonable and outrageous.

¶16. It should also be noted that Maslon makes arguments against an award of attorney's fees. Generally attorney's fees are awarded when there is statutory authority, a contractual provision that allows for attorney's fees, or punitive damages have also been awarded. *T. Jackson Lyons & Assocs. v. Precious T. Martin Sr. & Assocs.,* 87 So. 3d 444, 452 (¶29) (Miss. 2012). Nothing in the record suggests that any portion of the damages were attorney's

fees. It is true that Brown requested attorney's fees at trial, but Brown does not mention the fees in his brief or as an assignment of error. It is reasonable to infer that attorney's fees were not part of the award. Therefore, this issue is also without merit.

## CONCLUSION

¶17. Brown suffered damages as a result of Maslon's cattle trespassing onto his property. There is substantial evidence to support the circuit court's award of damages. Therefore, we affirm the judgment of the circuit court.

¶18. **THE JUDGMENT OF THE CIRCUIT COURT OF MARSHALL COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR.**