# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CP-01443-COA

**ROBERT W. STRATTON SR.**                                               **APPELLANT**

v.

**JERRY MCKEY**                                                          **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 09/23/2011 |
| TRIAL JUDGE: | HON. FORREST A. JOHNSON JR. |
| COURT FROM WHICH APPEALED: | AMITE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ROBERT W. STRATTON SR. (PRO SE) |
| ATTORNEY FOR APPELLEE: | JERRY MCKEY (PRO SE) |
| NATURE OF THE CASE: | CIVIL - OTHER |
| TRIAL COURT DISPOSITION: | GRANTED APPELLANT'S MOTION FOR REPLEVIN CONDITIONED ON PAYMENT OF $880 IN STORAGE FEES TO APPELLEE |
| DISPOSITION: | AFFIRMED – 11/24/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE IRVING, P.J., BARNES AND JAMES, JJ.

### IRVING, C.J., FOR THE COURT:

¶1.     Robert W. Stratton Sr. filed a motion for replevin without bond against Jerry McKey in the Circuit Court of Amite County.  After a hearing, the trial court conditionally granted the motion, finding that Stratton could take possession of his property if he paid McKey $880 in storage fees.  On appeal, Stratton argues that (1) McKey was not entitled to an award of storage fees since he failed to file pleadings demanding relief; (2) the trial court erred in requiring him to pay $880 to McKey; and (3) he is entitled to damages for the wrongful possession of his property.

¶2.    Finding no error, we affirm.

FACTS

¶3.    In his motion for replevin, Stratton sought possession of a vintage truck that he had left at McKey's repair shop for approximately three years.  When the motion came on for hearing, the trial court ruled from the bench that Stratton's possession of the truck was conditioned upon him paying McKey $880[1] for storage fees.  Stratton filed a motion for relief from the judgment, which the trial court denied.  After that, he filed a motion for a judgment notwithstanding the verdict or, in the alternative, for reconsideration or a new trial, which the trial court denied as successive and untimely, resulting in this appeal.

DISCUSSION

¶4.    When reviewing the decision of a trial court sitting without a jury, an appellate court "may only reverse when the findings of the trial [court] are manifestly wrong or clearly erroneous."  *Singley v. Smith*, 844 So. 2d 448, 451 (¶9) (Miss. 2003) (citation omitted).  Further, "a [trial court's] findings are 'safe on appeal where they are supported by substantial, credible, and reasonable evidence.'"  *James Wrecker Serv. v. Humphreys Cnty.*, 906 So. 2d 771, 772 (¶4) (Miss. Ct. App. 2004) (quoting *Maldonado v. Kelly*, 768 So. 2d 906, 908 (¶4) (Miss. 2000)).  As all of Stratton's issues are related, we discuss them together.

¶5.    We first note that McKey did not file an appellate brief in this case.  The failure to file an appellate brief generally acts as a confession of error "unless the reviewing court can say with confidence, after considering the record and the brief of the appealing party, that there

_____

[1] The trial court ordered Stratton to pay $1,000 less the $120 filing fee.

2

was no error. Automatic reversal is not required where the appellee fails to file a brief." *Taylor v. Kennedy*, 914 So. 2d 1260, 1262 (¶2) (Miss. Ct. App. 2005) (internal citations omitted). Based upon our review of the record and Stratton's brief, we can safely affirm this case.

¶6. The trial court made its bench ruling on November 3, 2010. In that ruling, the court instructed Stratton that his failure to pay the $880 to McKey and take possession of the truck within thirty days would result in his abandoment of the truck. However, the court failed to file a written and signed order that reflects that ruling.

¶7. On December 30, 2010, Stratton filed his motion for relief from the judgment, which the trial court denied on September 23, 2011. In the judgment denying the motion for relief, the trial court reaffirmed its bench ruling. On October 3, 2011, Stratton filed his motion for reconsideration. In denying that motion, the trial court found:

> [T]he motion of October 3, 2011, following the court's [f]inal [o]rder on September 23, 2011, is a successive motion for relief from a judgment, citing the exact same grounds as [Stratton] did in his December 30, 2010 motion for relief, which the court fully heard [and which] resulted in the [f]inal [o]rder of September 23, 2011.
>
> The court further finds, notwithstanding that it was a successive request for the same relief, that [Stratton] failed to timely pursue the October 3, 2011 motion for relief. The court declines to reconsider the matter, as it was fully decided, a motion for relief from judgment [was] filed, and a [f]inal [o]rder [was] entered on Sepember 23, 2011, which was not appealed.

¶8. The trial court's bench ruling cannot be considered a final judgment for purposes of appeal because "Mississippi law has long held that judgments are not final until they are reduced to writing and signed by the [lower court] before delivery to the clerk." *Soriano v.*

3

*Gillespie*, 857 So. 2d 64, 67 (¶14) (Miss. Ct. App. 2003) (citation omitted). Here, as noted, that was not accomplished. So the September 23, 2011 judgment is the final judgment in this case, and Stratton had until ten days after that date to file his motion for reconsideration. M.R.C.P. 59(b). Because he timely filed that motion on October 3, 2011, the trial court erred in dismissing it as untimely. Notwithstanding this error, if the judgment of the trial court can be sustained for any reason, it must be affirmed even though the trial court based its decision on the wrong legal reason. *Patel v. Telerent*, 574 So. 2d 3, 6 (Miss. 1990).

¶9.     In this case, the trial court's decision was supported by substantial credible evidence. During the hearing, both Stratton and McKey testified that Stratton owned the vehicle. McKey testified that Stratton had left the vehicle at his repair shop for approximately three years and that Stratton had incurred storage fees during that time. McKey also testified that he had a conversation with Stratton about paying the storage fees and that he followed up with the conversation by mailing Stratton a registered letter that contained an invoice for those fees. McKey further testified that Stratton had refused to pay the storage fees and that he ultimately filed his motion for replevin. In light of this testimony, we find no merit to Stratton's issues and affirm.

¶10.  **THE JUDGMENT OF THE AMITE COUNTY CIRCUIT COURT IS AFFIRMED.  ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, CARLTON, MAXWELL, FAIR, JAMES AND WILSON, JJ., CONCUR.**

4