# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2014-CT-01443-SCT

*ROBERT W. STRATTON, SR.*

*v.*

*JERRY McKEY*

## ON WRIT OF CERTIORARI

DATE OF JUDGMENT: 09/23/2011
TRIAL JUDGE: HON. FORREST A. JOHNSON, JR.
COURT FROM WHICH APPEALED: AMITE COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT: ROBERT W. STRATTON, SR. (PRO SE)
ATTORNEY FOR APPELLEE: JERRY McKEY (PRO SE)
NATURE OF THE CASE: CIVIL - OTHER
DISPOSITION: REVERSED AND RENDERED - 12/08/2016
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**EN BANC.**

**COLEMAN, JUSTICE, FOR THE COURT:**

¶1. Robert W. Stratton Sr. filed a replevin action, without bond, in the Amite County Circuit Court against Jerry McKey. Stratton sought to recover an antique truck that he had on McKey's property for several years. The circuit court granted Stratton relief, conditioned on Stratton paying McKey storage fees. Stratton appealed, and the Court of Appeals affirmed the circuit court's judgment. ***Stratton v. McKey***, 2015 WL 7440260, *1 (¶¶ 1-2) (Miss. Ct. App. November 24, 2015). We granted certiorari review, and we reverse the judgments of the Court of Appeals and the circuit court.

## FACTS AND PROCEDURAL HISTORY

¶2.     Stratton purchased an antique truck and brought it, via trailer, to a car repair and restoration business owned by John Shivers. Stratton and Shivers discussed the possibilities of Shivers restoring the truck but ultimately concluded that nothing would be done to the truck for a while. Stratton left the truck on Shivers's business property. No storage contract was in place between Stratton and Shivers to leave the truck there.

¶3.     In 2007, Shivers sold his business to McKey. The truck was still on the property and remained there until April 2009 when Stratton requested to take possession of the truck. McKey responded that Stratton could take the truck, upon payment of a storage fee for the several years the truck had been stored on the property. Stratton declined to pay the storage fee because no storage agreement had been in place, and in October 2011, he filed his replevin action, without bond, seeking possession of the truck.

¶4.     The circuit court held a bench trial on November 30, 2010, and after hearing testimony from McKey and Shivers, orally ruled that Stratton was entitled to possession of the truck; however, possession was conditioned upon Stratton paying McKey $880 within thirty days. Further, the circuit court ruled that if Stratton failed to pay McKey within thirty days, the truck would be considered abandoned and the property of McKey. Following the oral ruling, Stratton interjected a question of whether there was a basis to award McKey damages when McKey failed to file a responsive pleading requesting such. The circuit court responded that the replevin action did not require a responsive pleading as it was essentially a summons for McKey to appear in court.

¶5.    Stratton filed his motion for relief from judgment on December 30, 2010, noting, among other things, that McKey had "filed no responsive pleadings or a separate claim versus [Stratton,]" and "[t]here was no evidentiary basis for the [circuit c]ourt to award [McKey] $1,000." The circuit court entered a final order on September 23, 2011, denying Stratton's motion and "ordered that [Stratton's] complaint for replevin without bond be denied[,]" because Stratton had not complied with the circuit court's oral ruling within thirty days. As a result, Stratton filed a motion for a judgment notwithstanding the verdict (JNOV), or alternatively, for reconsideration and/or for a new trial. The circuit court found Stratton's motion to be a successive motion because Stratton relied on the same grounds for both post-trial motions. Stratton appealed, and we assigned the appeal to the Court of Appeals.

¶6.    The Court of Appeals issued an opinion unanimously affirming the circuit court's judgment, though for a different reason than that relied upon by the circuit court. **Stratton**, 2015 WL 7440260, *1 (¶¶ 1-2). The Court of Appeals explained that the circuit court's denial of Stratton's motion for a JNOV, or alternatively, for reconsideration and/or for a new trial because it was a successive motion was incorrect. **Id** at *2 (¶ 8). The circuit court did not memorialize its ruling until the September 23, 2011, order; thus the September order is the final judgment from which Stratton had ten days to file a motion to reconsider. **Id.** at *2 (¶ 8). The Court of Appeals concluded that the circuit court's judgment should be affirmed because the circuit court's decision was supported by substantial, credible evidence based on Stratton's and McKey's conversations about McKey's requested storage fees. **Id.** at *2 (¶ 9).

¶7.     Stratton filed his petition for writ of certiorari on June 14, 2016, and the Court granted it on September 1, 2016.  According to Stratton, the "prime issue" is whether "a defendant . . . in a civil action who files no answer or compulsory counterclaim be awarded a monetary judgment[;]" however, "a secondary issue for [the C]ourt . . . is whether [Stratton] is entitled to damages for deprivation of his property since April 27, 2009[,] as originally alleged in the complaint."  Stratton also explains that the Court of Appeals failed to consider that the circuit court's September 2011 order effectively reversed the bench ruling that granted Stratton possession of the truck and deprived him of due process.

## STANDARD OF REVIEW

¶8.     Because the instant case involves a bench trial, the factual findings of a circuit court judge sitting without a jury are accorded the same deference as that of a chancellor.  *City of Jackson v. Presley*, 40 So. 3d 520, 522 (¶ 9) (Miss. 2010) (citation omitted).  Thus, if the factual findings are supported by "substantial, credible, and reasonable evidence[,]" they will not be disturbed on appeal.  *Id.*  We review conclusions of law using the de novo standard.  *Id.*

## ANALYSIS

¶9.     After the circuit court announced its ruling, Stratton specifically asked whether there was any basis for the award of storage fees to McKey when McKey did not file any response to the pleadings or a separate action asking for the storage fees.  The circuit court explained that, in its opinion, a replevin action differed from a typical suit, and it was permitted to award McKey the storage fees based on McKey's appearance at the hearing and the evidence

4

presented. Stratton's initial appeal and petition for writ of certiorari both challenge the circuit court's ability to condition Stratton's possession of the truck on his paying McKey damages that were never raised in a responsive pleading. Stratton's argument has merit.

¶10. Due process provides that "[b]efore one may be judicially deprived of an important right, one must be given (a) reasonable advance notice of a hearing at which (b) one is afforded a meaningful opportunity to assert and defend that right." *Branaman v. Long Beach Water Mgmt. Dist.*, 730 So. 2d 1146, 1149 (¶ 8) (Miss. 1999). While Stratton *may* have had knowledge that McKey believed he was entitled to storage fees and would argue such at the hearing, and that McKey was considering filing abandonment papers on the truck based on the certified letter and bill Stratton received, we have held that the "complete absence of service of process offends due process and cannot be waived." *Reasor v. Jordan*, 110 So. 2d 307, 317 (¶ 41) (Miss. 2013). McKey submitted nothing to the circuit court prior to the hearing advising that he was seeking damages, so nothing in the present case put Stratton on notice that McKey would be pursuing a claim for damages in the replevin action. Additionally, as will be explained below, the statutes pertaining to a replevin action brought under Section 11-37-131 do not contain provisions permitting damages outside of court costs if judgment is entered for the defendant. *See* Miss. Code Ann. §§ 11-37-141, 11-37-143 (Rev. 2012).

¶11. We hold that the circuit court erred in awarding McKey damages for storing Stratton's truck when McKey never filed a responsive pleading giving Stratton notice that he was seeking damages. Because we hold that the circuit court erred, it follows that we hold the

5

Court of Appeals erred in affirming the circuit court's judgment. Therefore, we reverse the circuit court's and Court of Appeals' decisions, and we render judgment in favor of Stratton for possession of the truck.

¶12. Stratton additionally seeks actual and punitive damages for the loss of "use, preservation, restoration[,] and the ability to display or sell his unique vintage vehicle[.]" Stratton's initial complaint contained a general request that McKey "be assessed reasonable attorneys fees, all costs of [c]ourt and for such other general and specific relief to which he may be entitled." Stratton never pursued his claim for damages at trial and presented no evidence of how his damages should have been calculated at trial or on direct appeal.[1] The Court of Appeals' opinion did not address Stratton's claim for damages, though it was presented, albeit briefly, in Stratton's brief, and it is only now, on certiorari review, that Stratton explains he is entitled to $1.00 per day of actual damages and $2.00 per day for punitive damages. We disagree.

¶13. Stratton brought his replevin action under Mississippi Code Section 11-37-131 (emphasis added), which provides:

> If any person, his agent or attorney, shall desire to institute an action of replevin *without the necessity of posting bond, and without requesting the*

---

[1] According to Stratton's brief, the extent of his first appeal on the damages issue was the following paragraph:

> Appellant's pleading for replevin gives rise to damages for wrongful detention of the 1949 antique truck. Testimony by appellee is that he refused to return it on or about April 27[], 2009. Thus, appellant's complaint for replevin, though it did not aver an amount of damages for wrongful detention, such damages are within the discretion of a trial court. **Cain v. Robinson**, 523 So. 2d 29 (Miss. 1988).

6

*immediate seizure of the property in question*, he shall file a declaration under oath setting forth those matters shown in subparagraphs (a) through (e) of Section 11-37-101 and shall present such pleadings to . . . a judge of the circuit court, . . . and such judge shall issue a fiat directing the clerk of such court, or a deputy clerk, to issue a summons to the defendant, to appear before a court or judge having jurisdiction, as determined by the value of the property as alleged in the declaration, and as outlined in Section 11-37-101, with said process being returnable in termtime or in vacation, upon at least five (5) days' notice, summoning the defendant to appear for a final hearing to determine the rights of the parties as to possession, and upon such final hearing the court shall enter judgment accordingly.

If the court determines that the plaintiff is successful in proving his replevin case under Section 11-37-131, Mississippi Code Section 11-37-141 provides:

Upon the trial of any replevin action in which the property has not previously been seized under writ of replevin, if the judgment be for the plaintiff, the court shall enter judgment awarding to the plaintiff the immediate possession of the property and such judgment shall order and direct the sheriff or other lawful officer to immediately seize the property in question, without further process upon the defendant, and deliver said property to the plaintiff, a certified copy of the final judgment rendered in such case being furnished to the sheriff as evidence of his authority to seize such property and deliver it to the plaintiff.

Likewise, the Legislature has provided the procedure for cases in which a court determines that a defendant in a replevin action brought under Section 11-37-131 is successful:

In any replevin action in which the property has not been previously seized by writ of replevin, if the defendant be successful in such action, the judgment of the court shall be that the declaration of the plaintiff be dismissed and court costs assessed against the plaintiff.

Miss. Code Ann. § 11-37-143 (Rev. 2012). As is apparent from the reading of all three statutes, the Legislature did not include a damages provision in the statutes, though it did specifically allow for damages in replevin actions brought under Mississippi Code Section 11-37-101. *See* Miss. Code Ann. § 11-37-127 (Rev. 2012) (judgment for plaintiff); Miss.

7

Code Ann. § 11-37-129 (Rev. 2012) (judgment for defendant). Additionally, Stratton provides no cases in which a party has recovered damages for a replevin action brought under Section 11-37-131. Because damages resulting from a replevin brought pursuant to Section 11-37-131 have not been authorized by statute and because Stratton failed to put forward any evidence of damages at trial, they may not be awarded in the case *sub judice*.

## CONCLUSION

¶14.    "Replevin suits have always been difficult ones to try because of the nature of the action. [I]f Sir Walter Scott had been an attorney, certainly he would have said: 'Oh, what a tangled web we weave, when by replevin we retrieve.'" ***Standard Fin. Corp. v. Breland***, 249 Miss. 413, 426, 163 So. 2d 232, 237 (1964). We hold that the circuit court erred in awarding McKey damages for storing Stratton's truck when McKey never filed a responsive pleading giving Stratton notice that he was seeking damages. We reverse the judgments of the circuit court and the Court of Appeals and render judgment for Stratton. Our holding today does not foreclose any other remedy McKey may have under the law to pursue the storage fees he claims he is owed; however, in the present case, Stratton's due process rights were violated when the circuit court entered a judgment against him without McKey filing a counterclaim or separate cause of action to give Stratton notice that he was seeking damages.

¶15.    **REVERSED AND RENDERED.**

**WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., LAMAR, KITCHENS, KING AND BEAM, JJ., CONCUR. MAXWELL, J., NOT PARTICIPATING.**

8