# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2019-CP-00822-SCT

*ROBERT W. STRATTON, SR.*

*v.*

*JERRY McKEY*

| | |
|---|---|
| DATE OF JUDGMENT: | 08/01/2017 |
| TRIAL JUDGE: | HON. FORREST A. JOHNSON, JR. |
| TRIAL COURT ATTORNEYS: | FRANCOIS DAVID CHOUDOIR |
| | JAMES DANIEL SMITH |
| COURT FROM WHICH APPEALED: | AMITE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ROBERT W. STRATTON, SR. (PRO SE) |
| ATTORNEY FOR APPELLEE: | JERRY McKEY (PRO SE) |
| NATURE OF THE CASE: | CIVIL - REAL PROPERTY |
| DISPOSITION: | AFFIRMED IN PART AND REVERSED IN PART - 07/30/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE KITCHENS, P.J., BEAM AND ISHEE, JJ.**

**KITCHENS, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     This case involves the final months in the long life of a venerable antique truck. This Court rendered a judgment for Robert W. Stratton, Sr., in his appeal of a judgment in his replevin action against Jerry McKey to recover possession of a 1949 International KB three-quarter ton pickup truck. *Stratton v. McKey*, 204 So. 3d 1245, 1250 (Miss. 2016) (*Stratton I*). When McKey failed to relinquish possession of the truck, Stratton filed another complaint against him, and McKey filed a counterclaim for fees for storing the truck. McKey conceded that because he had sold the truck during the pendency of Stratton's appeal, he owed Stratton the truck's value. After a bench trial, the Circuit Court of Amite County awarded Stratton

$350, which represented the value of the truck after the deduction of $1,000 in storage fees owed to McKey.

¶2.     Stratton appeals, challenging the amount of damages and attacking the circuit court's award of storage fees to McKey. McKey has failed to file an appellee's brief. We affirm in part and reverse in part.

**FACTS**

¶3.     Stratton owned an antique truck and, in 2006, he delivered it to John Shivers's vehicle repair and restoration business in Liberty, Mississippi. Stratton and Shivers contemplated that Shivers would restore the truck at some point in the future, but they made no firm plans for the restoration, and they never agreed that Shivers would charge a storage fee. Stratton's truck remained at Shivers's shop until Jerry McKey bought the business from Shivers in May 2009. Shivers told McKey that Stratton owned the truck, but neither Shivers nor McKey notified Stratton of the change in the business' ownership. When Stratton learned that the business had changed hands, he contacted McKey and requested possession of the truck. But McKey refused to let Stratton have his truck unless he paid storage fees. Stratton sued McKey for replevin, and the circuit court ruled that Stratton was entitled to possession of the truck conditioned upon his paying McKey $880 for storage fees within thirty days. ***Stratton I***, 204 So. 3d at 1247.

¶4.     After Stratton appealed and the Court of Appeals affirmed, this Court granted Stratton's petition for a writ of *certiorari*. On December 8, 2016, the Court reversed the decisions of the circuit court and the Court of Appeals and rendered a judgment holding that

2

Stratton was entitled to possession of the truck. ***Stratton I***, 204 So. 3d at 1250. The Court held that the circuit court had erred by awarding storage fees to McKey because McKey did not request storage fees in a responsive pleading. ***Id.*** at 1248.

¶5.     On February 10, 2017, Stratton filed a motion for contempt in circuit court alleging that McKey continued to withhold the truck from him in contravention of this Court's decision. The circuit court ruled that Stratton was entitled to immediate possession of the truck.  On March 9, 2017, Stratton filed a complaint against McKey for damages related to McKey's failure to relinquish the truck. He requested damages for depreciation to the truck, loss of income, intentional infliction of emotional distress, outrageous conduct, conversion, or other causes of action that might come to light in the course of the proceedings. McKey answered and counterclaimed for storage fees. He averred also that he had sold the truck for scrap. Later, McKey conceded that he was liable to Stratton for the value of the truck.

¶6.     The circuit court denied both parties' motions for summary judgment. At a bench trial, the circuit heard testimony from Stratton, McKey, Shivers, and the truck's purchaser, Wayne Wallace. Testimony established that Shivers had kept the truck on display outside his business to attract customers. Stratton testified that on April 27, 2009, he noticed that the truck had disappeared. He went inside the shop and spoke with McKey, who refused to return the truck unless he paid a storage fee. Stratton then filed the replevin action, and the court ordered that Stratton was entitled to possession of the truck if he paid McKey $880 within thirty days.[1] Stratton testified that the day before the expiration of the thirty days, he had

---

[1] The circuit court found that McKey was entitled to reasonable storage fees of $1,000, from which it subtracted $120 for court costs, leaving an $880 fee to be paid by

called McKey and offered to pay by check but that McKey had refused to accept payment in the form of a check.

¶7.     McKey testified that he did not accept Stratton's check because his business did not take checks. According to McKey, before Stratton sued him, Stratton could have taken the truck "anytime." McKey said that he never demanded money from Stratton when he asked for the truck in April 2009, though he did send him a storage bill. McKey testified that he eventually moved the truck behind his building, where it sat for a couple of years, and that he then moved it to dry storage. McKey testified that the truck had been in bad condition when he bought the business and that its condition had deteriorated severely between 2009 and 2015. In 2015, he put it in front of the shop again. On October 15, 2015, McKey sold the truck to Wayne Wallace for $400. Wallace testified that he buys antique vehicles and owns a salvage business. Wallace testified that his inspection of the truck revealed that although the outside body of the truck looked good, its engine was locked up and the frame and cab were severely rusted. Because the truck would have cost more to restore than he could have sold it for, Wallace sold it to a salvage yard, where it was crushed.

¶8.     Regarding the truck's value, Shivers testified from his expertise in buying and restoring antique vehicles that the truck had been worth between $1200 and $1500 at the time he sold his business to McKey.[2] He testified that at that point it had needed a complete restoration of the body and interior. Stratton testified that he had purchased the truck at

Stratton before he could take possession of the truck.

[2] The parties stipulated that Shivers was qualified to give expert testimony on the truck's value.

4

auction in 1995 for $10,000 and that the truck had been worth between $15,000 and $20,000 when he left it with Shivers. Stratton testified that at that time, the truck would run but needed work.

¶9.     The circuit court found that Stratton was entitled to recover the truck's value but that no evidence supported his claims for damages over and above the truck's value. The circuit court accepted the middle of the price ranges offered by Shivers and found that the truck had been worth $1,350 at the time Stratton sold the business to McKey. Also, the circuit court found that McKey was entitled to storage fees in the amount of $1,000. The circuit court based this award on McKey's testimony that he had sent Stratton a bill for $20 per day for storage for the two years leading up to the initial hearing. The circuit court noted that in its original ruling, it had found that $1,000 for storage fees was reasonable. The circuit court found that considering the circumstances of the case, $1,000 remained a reasonable amount and that "[t]he defendant is entitled to no storage whatsoever for the subsequent period following the replevin action." After deducting the storage fees from the truck's value, the circuit court awarded the balance of $350 to Stratton.

**STANDARD OF REVIEW**

¶10.    "[W]hen a trial judge sits without a jury, this Court will not disturb his factual determinations where there is substantial evidence in the record to support those findings." *Ezell v. Williams*, 724 So. 2d 396, 397 (Miss. 1998) (citing *Yarbrough v. Camphor*, 645 So. 2d 867, 869 (Miss. 1994)). The general rule is that the Court will affirm unless the circuit court was manifestly wrong. *Id.* (quoting *Yarbrough*, 645 So. 2d at 869). Questions of law

5

are reviewed *de novo*. *Falkner v. Stubbs*, 121 So. 3d 899, 902 (Miss. 2013) (citing *Davis v. Smith (In re Estate of Smith)*, 69 So. 3d 1, 4 (Miss. 2011)).

¶11.    McKey did not file an appellee's brief. This Court has adopted two alternative approaches for reviewing a case in which the appellee has neglected to file a brief. First, the Court may "accept appellant's brief as confessed and . . . reverse." *May v. May*, 297 So. 2d 912, 913 (Miss. 1974). That is the appropriate course of action when the record is voluminous or complicated and the appellant's thorough treatment of the issues in the brief makes out "an apparent case of error." *Miller v. Pannell*, 815 So. 2d 1117, 1119 (Miss. 2002) (internal quotation mark omitted) (quoting *May*, 297 So. 2d at 913). "The second alternative is to disregard the appellees' error and affirm." *Id.* "This alternative should be used when the record can be conveniently examined and such examination reveals a 'sound and unmistakable basis or ground upon which the judgment may be safely affirmed.'" *Id.* (quoting *May*, 297 So. 2d at 913).

¶12.    The record in this case is neither complicated nor voluminous. Nonetheless, we find that Stratton's brief establishes an apparent error in the circuit court's failure to recognize that McKey's counterclaim was filed outside the statute of limitations. Regarding Stratton's other issues, our examination of the record "reveals a 'sound and unmistakable ground upon which the judgment may be safely affirmed.'" *Id.* (quoting *May*, 297 So. 2d at 913).

## DISCUSSION

¶13.    For clarity, we have consolidated Stratton's issues under three headings.

> **I.    Whether the circuit court's valuation of the truck was manifestly wrong.**

6

¶14. Stratton argues that the circuit court's valuation of the truck was erroneous and denied him due process. He contends that circuit court used the wrong date to value the truck and that the truck was worth far more than $1,350.

¶15. We find that the circuit court's valuation of the truck was not manifestly erroneous. Stratton argues that the circuit court erred by valuing the truck as of November 30, 2010, the date of its judgment in Stratton's original replevin suit. He argues that the circuit court should have used April 27, 2009, as the date of valuation because that was the date that he first asked McKey for possession of the truck. A review of the circuit court's order reveals that the court found that Stratton was entitled to the truck's value "from the time of the court's erroneous decision on the replevin action," which was November 30, 2010. But the circuit court found that the sole credible evidence of value came from Shivers's testimony that the truck was worth between $1,200 and $1,500 on the date he sold the business to McKey. Testimony established that this sale occurred in May 2009, and no evidence indicated that the truck's condition had changed materially between April 27, 2009, and May 2009. Therefore, the circuit court did not use November 30, 2010, as the date of valuation but actually valued the truck as of May 2009, a date that was very close to the April 27, 2009 date that Stratton urges. The circuit court did not manifestly err by using May 2009 rather than April 27, 2009, to value the truck.

¶16. Stratton argues also that because Shivers testified in the first trial and in the second trial that the truck was worth between $15,000 and $20,000, the circuit court's finding that the truck was worth $1,350 was erroneous. He argues also that Shivers's testimony

7

established the truck's value in the first trial and was *res judicata*, barring further consideration of value in the second trial.[3] These arguments have no merit. The record of the first trial is not before the Court, and Stratton presented no evidence or argument in the second trial that the truck's value had been decided in the first trial. Instead, Stratton, obviously believing that valuation was at issue, called Shivers as an expert witness on valuation in the second trial, and Shivers testified that the truck was worth between $1,200 and $1,500 when he sold the business to McKey. Although Stratton urges that Shivers placed the value at between $15,000 and $20,000, Shivers testified that the truck's range in values would have been between $15,000 and $20,000 had the truck been fully restored. Shivers testified that the truck had not been fully restored and that it would have needed significant work to have reached a fully restored condition. This Court finds no error in the circuit court's valuation of the truck.

II.     **Whether the circuit court should have held McKey in contempt for selling the truck during the pendency of the appeal.**

¶17.    McKey sold the truck after the Court of Appeals' decision but before this Court's decision on writ of *certiorari* in the first case. Stratton argues that the circuit court should have ordered McKey to pay damages for contempt for the sale of the truck. Stratton contends that the trial court's failure to do so deprived him of due process. In support of this

---

[3] "The doctrine of res judicata bars parties from litigating claims 'within the scope of the judgment' in a prior action." **Hill v. Carroll Cty.**, 17 So. 3d 1081, 1084 (Miss. 2009) (internal quotation marks omitted) (quoting **Anderson v. LaVere**, 895 So. 2d 828, 832 (Miss. 2004)).

contention he points out that in the first case, he had secured a *supersedeas* bond under Mississippi Rule of Appellate Procedure 8(a).

¶18. The circuit court addressed this issue, finding that Stratton's *supersedeas* bond had secured enforcement of the money judgment entered against Stratton in the first case that had required him to pay McKey $880 as storage fees in exchange for the truck. The circuit court found that no court order had prevented McKey's sale of the truck until this Court's decision that Stratton was entitled to possession. Stratton argues that the circuit court's finding was erroneous because the *supersedeas* bond had operated as a stay of the judgment that prevented the truck's sale. A review of Rule 8(a) belies Stratton's argument. The rule provides that a *supersedeas* bond stays a money judgment pending appeal. M.R.A.P. 8(a). According to Rule 8(b), other stays generally must be sought in the trial court. M.R.A.P. 8(b). Under Rule 8(c), an appellant may seek a stay from the Supreme Court or the Court of Appeals upon a showing that an application to the trial court is impracticable or the trial court has denied relief. M.R.A.P. 8(c). Stratton never applied to the trial court or to either appellate court for a stay. Therefore, the circuit court did not manifestly err by finding that McKey had taken no action inconsistent with the *supersedeas* bond.

¶19. Stratton argues also that the circuit court should have held McKey in contempt under Mississippi Code Section 11-37-137, which provides that

> If the defendant be found to be in possession of the property in question at the time of the service of process upon him, and if he shall conceal said property or dispose of the same, or fail to have the same within the jurisdiction of the court for such final judgment as may be rendered by the court in said replevin action, upon the return day of process herein, he shall be subject to penalties of contempt, upon motion of the plaintiff or order of the court.

9

Miss. Code. Ann. § 11-37-137 (Rev. 2019). The statute provides that the defendant, having been found in possession of the property on the date he is served with process, will be subject to contempt penalties if he disposes of the property before the trial court's final judgment. The contempt penalties are assessed "upon the return date of process herein." *Id.* Under its plain language, Section 11-37-137 governs property disposal before the final judgment, not during the pendency of the appeal. Once the trial court enters a final judgment and an appeal is perfected, the appellee's disposition of the disputed property is governed by Mississippi Rule of Appellate Procedure 8. As discussed above, Stratton did not invoke Rule 8(b) by applying to the circuit court or to either appellate court for a stay. Therefore, his argument that the trial court erred by not holding McKey in contempt is without merit.

### III. Whether the circuit court erred by granting McKey's counterclaim for storage fees.

¶20. Stratton makes two arguments contending that the circuit court erred by granting McKey's counterclaim for storage fees. Neither of these arguments challenges the merits of the trial court's finding that McKey was entitled to storage fees.[4] Stratton's first argument is that the storage fee claim was a compulsory counterclaim that McKey had to assert in the first lawsuit and that allowing the counterclaim violated his right to due process. Because Stratton's second argument has merit, we do not address the compulsory counterclaim issue.

---

[4] Stratton makes a one-line argument that "[a]s a matter of fact, [McKey] has no claim for storage, because John Shivers, the building owner and appellant, had an agreement to store the antique vehicle without charge." Because Stratton cites no authority supporting this argument, it is procedurally barred. *Edmonds v. Edmonds*, 935 So. 2d 980, 988 (Miss. 2006).

¶21.    Stratton's second argument is that McKey filed his counterclaim for storage fees outside the three-year statute of limitations.  Miss. Code Ann. § 15-1-49 (Rev. 2019). In *Stratton I*, this Court reversed the circuit court's award of storage fees because McKey's failure to file a counterclaim had deprived Stratton of notice and due process of law. *Stratton I*, 204 So. 3d at 1245. Because McKey never filed and properly served a counterclaim in the first action, he lacked the benefit of tolling during the first action. *Thornhill v. Ingram*, 178 So. 3d 721 (Miss. 2015) (quoting *Sweet Valley Missionary Baptist Church v. Alfa Ins. Corp.*, 124 So. 3d 643, 645 (Miss. 2013)). On April 10, 2017, McKey filed a counterclaim for storage fees in the second action. The circuit court awarded McKey fees for having stored the truck for a period of time that ended with the judgment in the first replevin action on November 30, 2010. But McKey was almost seven years too late in filing a claim for storage fees that had accrued at the latest on or before November 30, 2010.

¶22.    We observe that Stratton did not file a reply to McKey's counterclaim within the thirty-day time period prescribed by Mississippi Rule of Civil Procedure 12(a). Ordinarily, "[a]n affirmative defense, such as a statute of limitations, is waived if not raised by a pleading." *Miss. Dep't of Human Servs. v. Guidry*, 830 So. 2d 628, 634 (Miss. 2002) (citing Miss. R. Civ. P. 12(b)). Under the particular circumstances of this case, we find no waiver. Stratton did raise the statute of limitations in a motion for summary judgment filed within thirty days of McKey's counterclaim. McKey never advanced a waiver theory. In fact, he has elected not to file a responsive brief in this appeal. And Stratton made arguments on the statute of limitations at the hearing with no objection from McKey.

¶23. We hold that Stratton's statute of limitations affirmative defense was before the circuit court. We hold further that because McKey filed the counterclaim for storage fees outside the three-year statute of limitations, the counterclaim was untimely and the circuit court erred by awarding storage fees. Therefore, we reverse the circuit court's award of storage fees to McKey.

## CONCLUSION

¶24. We reverse the circuit court's award of storage fees. Otherwise, we affirm.

¶25. **AFFIRMED IN PART AND REVERSED IN PART.**

**RANDOLPH, C.J., KING, P.J., COLEMAN, MAXWELL, BEAM, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR.**