## W. H. Richardson *v.* D. T. Callihan.

1. Landlord and Tenant. *Trespass for wrongful ejection by landlord. Adverse judgment in unlawful detainer does not estop tenant.*

   A judgment in unlawful detainer, in favor of one claiming under the same landlord, does not preclude the defendant therein from suing his landlord in trespass for the damages occasioned by his conduct in wrongfully and fraudulently procuring his ejection through the instrumentality of the plaintiff in unlawful detainer.

2. Same. *Code 1892, § 4475, construed.*

   The meaning of § 4475, code 1892, to the effect that "a judgment rendered in a suit of unlawful entry or detainer, either for the plaintiff or defendant. shall not bar any action between the same parties respecting the same land; nor shall any judgment given therein be held conclusive of the facts found in any other action between the same parties," is ascertained by reference to Hutchinson's code, ch. 56, p. 816; code 1857, art. 23, ch. 42; and code 1871, § 1598, wherein it is provided that "no judgment rendered as aforesaid (*i. e.*, in forcible entry and unlawful detainer), either for the plaintiff or the defendant, shall bar any action of trespass, or any action of ejectment or writ of right between the same parties respecting the same tenement; nor shall any verdict found as aforesaid, be held conclusive of the facts therein found in any such action of trespass, ejectment or writ of right."

3. Damages. *Evidence of rental value admissible.*

   Evidence of the rental value of the land from which plaintiff in the action of trespass was evicted, is admissible as an aid in the measurement of his damage.

From the circuit court of Yazoo county.

Hon. J. B. Chrisman, Judge.

Judgment for plaintiff. Defendant appeals.

The evidence adduced on the trial of this action of trespass for damages, indicated that the appellant, after leasing a small part of his plantation to the appellee, leased the whole of it to one Brister, and authorized and directed him to eject the appellee forcibly, notwithstanding the fact that his lease still

la⌐ked one year of expiration, and that he caused Brister to institute an action of unlawful detainer and evict the appellee under aggravating circumstances. The plaintiff was allowed to introduce, over the objection of defendant, evidence of the rental value of the property during the time he was deprived of possession. The record of the unlawful detainer suit was introduced by the plaintiff, and, when plaintiff rested, the defendant moved that all the evidence adduced by him be excluded, and for a peremptory instruction in favor of the defendant. This motion, which was founded, in part, upon the view that the judgment in unlawful detainer operated as a bar of the pending suit, was overruled by the court below. The opinion contains a statement of all other material facts.

*Barnett & Thompson,* for appellant,

Filed a lengthy brief, discussing the question of liability as though the lease to appellee were invalid, and made, not by the appellant, but by Childress, a former lessee, who surrendered his term, shortly previous to the lease, to Brister, and also made the points passed on by the court.

*T. H. Campbell,* for appellee.

The judgment in unlawful detainer constituted no bar to a recovery. Sec. 4475, code 1892.

WOODS, J., delivered the opinion of the court.

The second count in the second amended declaration is prolix and involved, but it contains sufficient matter of substance to uphold it as an action of trespass for appellee's illegal ejection from premises to which he had title under a valid lease. The judgment in the former proceedings for possession of the premises, in unlawful entry and detainer, constituted no bar to the prosecution of the present action. The evidence shows that the appellant was the real promoter of and party to the unlawful entry and detainer case. Under § 4475, code of 1892, it is clear that the appellee was not precluded from prosecuting

the present action by reason of the former judgment, and that former judgment was not conclusive of the facts in this present suit. A reference to this provision of our code, as it appears in Huchinson's code, the code of 1857, and code of 1871, will clear up any doubt as to the meaning of § 4475 of the code of 1892. In those codes, the language is that "no judgment rendered as aforesaid (judgments in forcible entry and detainer), either for plaintiff or defendant, shall bar any action of trespass, or any writ of ejectment, or writ of right, between the same parties respecting the same tenement; nor shall any verdict found as aforesaid be held conclusive of the facts therein found in any such action of trespass, ejectment or writ of right."

The action of unlawful entry and detainer is a purely possessory one, and its sole office is to try possessory rights, while trespass and ejectment are actions involving inquiry as to title. The appellee might have sued in ejectment for the unexpired term, but he chose to waive that, and sue in trespass for his damages resulting from his eviction from premises to which his title was undoubted.

There was no error in admitting evidence of the rental value of the land, to aid the jury in estimating the damages of the plaintiff below.

*Affirmed.*