# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CA-00315-COA

**MARY E. STEVENS**                                                                 **APPELLANT**

**v.**

**GINGER GRISSOM**                                                                   **APPELLEE**

DATE OF JUDGMENT:                    01/28/2016
TRIAL JUDGE:                         HON. JUSTIN MILLER COBB
COURT FROM WHICH APPEALED:           LAUDERDALE COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:              GLENN S. SWARTZFAGER
ATTORNEY FOR APPELLEE:               ROBERT D. JONES
NATURE OF THE CASE:                  CIVIL - OTHER
TRIAL COURT DISPOSITION:             AFFIRMED COUNTY COURT'S
                                     DISMISSAL OF REPLEVIN ACTION
DISPOSITION:                         AFFIRMED - 03/21/2017
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE LEE, C.J., ISHEE AND GREENLEE, JJ.**

**LEE, C.J., FOR THE COURT:**

¶1.     In this appeal, we must determine whether the circuit court properly dismissed Mary

E. Stevens's complaint for replevin.  Finding no error, we affirm.

## PROCEDURAL HISTORY

¶2.     Mary's son, Michael Stevens, was married to Ginger Grissom for fifteen years.  The

couple's divorce was finalized in March 2014.  On July 18, 2014, Mary filed a complaint for

replevin in the Lauderdale County County Court against Ginger, claiming that Ginger was

in wrongful possession of Mary's personal property.  Ginger filed an answer and then a

motion to dismiss.  After a hearing, the county court, finding that Mary failed to meet her

burden of proof, dismissed Mary's complaint with prejudice.

¶3.     Mary then appealed to the Lauderdale County Circuit Court. The circuit court affirmed the county court's decision. Mary now appeals, asserting that the circuit court erred in affirming the dismissal of her replevin action.

**FACTS**

¶4.     The property at issue included two rings, one cameo necklace, and one carved wooden dog figurine. In her complaint, Mary listed the value of the items as follows: a 1.31 carat diamond ring valued at $9,097.11; a .75 carat diamond ring valued at $6,013.04; a large cameo valued at $450; and the dog figurine valued at $200. Mary had both rings appraised, and the appraisals were attached to the complaint. The appraisals were both dated April 21, 2004.

¶5.     Mary contended she gave Michael the two rings and the cameo for safekeeping. Ginger contended Mary gave her the rings and the cameo as a Christmas present early in the couple's marriage. And that Mary included appraisals for both rings and the cameo. Ginger testified that the figurine had belonged to Michael, and they displayed it in the marital home. Ginger also testified that Michael and Mary removed these items, among others, from the marital home after Ginger and Michael separated. The chancellor presiding over Michael and Ginger's divorce found Michael in contempt for various reasons, one of which was removing the rings, the cameo, and the figurine from the marital home.[1] The chancellor

---

[1] The chancellor noted that Mary had asked Michael to remove some items from the marital home.

ordered those items returned to Ginger.[2]  And Ginger was awarded these items in the final judgment of divorce.  Both the order finding Michael in contempt and the final judgment of divorce were entered into evidence during the hearing.[3]

## STANDARD OF REVIEW

¶6.     "The county court was the fact finder, and the circuit court, as well as this Court, are bound by the judgment of the county court if supported by substantial evidence and not manifestly wrong."  *Patel v. Telerent Leasing Corp.*, 574 So. 2d 3, 6 (Miss. 1990) (citation omitted).  And "the judgment of a circuit or county court in a non-jury trial is entitled to the same deference on appeal as a chancery court decree."  *Id*. (citation omitted).

¶7.     Furthermore, we review the grant or denial of a motion to dismiss under the familiar substantial-evidence/manifest-error standard.  *Crowell v. Butts*, 153 So. 3d 684, 687 (¶6) (Miss. 2014).

## DISCUSSION

¶8.     Replevin actions are governed by statute.  *Lacoste v. Sys. & Servs. Techs. Inc.*, 126 So. 3d 111, 112 (¶1) (Miss. Ct. App. 2013).  Mary filed her replevin action pursuant to Mississippi Code Annotated section 11-37-101 (Rev. 2012).  To maintain her action, Mary had to establish the following: (1) a description of the personal property; (2) the value of the property; (3) her entitlement to immediate possession of the property; (4) the property was

---

[2] Ginger testified that when Michael returned the items, the appraisals were not included with the jewelry.  And a gold chain that had been given to Ginger with the cameo was not returned.

[3] The contempt order was dated February 13, 2012.  The final judgment of divorce was dated March 26, 2014, and included a property-settlement agreement.

in Ginger's possession; and (5) Ginger had wrongfully detained the property. *Id*.

¶9.    The county court found that Mary failed to adequately prove the value of the items and failed to prove Ginger had wrongfully possessed the items. The circuit court agreed with the county court's decision. In her appeal, Mary argues that she did submit sufficient evidence of the value of the items she alleged Ginger wrongfully possessed. Mary did submit two appraisals estimating the value of the rings at $9,097.11 and $6,013.04. The appraisals were not current; both were dated April 21, 2004, and had an expiration date of April 21, 2006. In response, Ginger testified that a local jeweler estimated she could sell one of the rings for $250. Even though the appraisal was not current, Mary did put on proof of the value of the rings. Regardless, the circuit court determined that Ginger had not wrongfully retained the property. Ginger and Michael had entered into a property-settlement agreement, stating that the parties were each entitled to keep the property in their possession. This included the items subject to the replevin action, all of which were in Ginger's possession.

¶10.    Ultimately, the county court and the circuit court found Ginger's testimony to be more credible than Mary's testimony. "[W]hen a trial judge, rather than a jury, is the finder of fact, he has the full authority to determine the credibility of witnesses, just as is the jury's duty in a jury trial." *Murphree v. W.W. Transp.*, 878 So. 2d 241, 243 (¶7) (Miss. Ct. App. 2004) (citation omitted). We find substantial evidence to support the circuit court's decision; thus, we affirm.

¶11.    **THE JUDGMENT OF THE LAUDERDALE COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**IRVING, P.J., BARNES, ISHEE, CARLTON, FAIR, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR.  GRIFFIS, P.J., NOT PARTICIPATING.**