# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CA-00146-COA

**VICTOR W. CARMODY JR. AND VICTOR W. CARMODY III**                    **APPELLANTS**

**v.**

**ERIN CHRISTA GARNETT**                                                            **APPELLEE**

DATE OF JUDGMENT:                01/05/2018
TRIAL JUDGE:                     HON. STEVE S. RATCLIFF III
COURT FROM WHICH APPEALED:       MADISON COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANTS:         KEVIN THOMAS STEWART
ATTORNEY FOR APPELLEE:           P. SHAWN HARRIS
NATURE OF THE CASE:              CIVIL - OTHER
DISPOSITION:                     AFFIRMED: 04/02/2019
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**EN BANC.**

**TINDELL, J., FOR THE COURT:**

¶1.     Victor Carmody Jr. and Victor Carmody III (Tripp) (collectively, the Carmodys) filed a complaint against Erin Christa Garnett (Christa) in the Madison County County Court for replevin of personal property. Through court-ordered mediation, the parties reached a settlement agreement and signed a "Mutual Release" setting forth the terms of their agreement. In a subsequent bench ruling, the county court granted the Carmodys' motion to enforce the settlement agreement. However, the county court then denied the Carmodys' motion to hold Christa in contempt. The Carmodys filed an unsuccessful motion to reconsider. On appeal, the Madison County Circuit Court upheld the denial of the Carmodys' motion for contempt. Finding no error in the circuit court's judgment, we affirm.

**FACTS**

¶2.     The Carmodys filed a complaint for replevin of certain personal property they claimed was in Christa's possession. The Carmodys' complaint also sought a judgment of conversion and monetary damages against Christa for any of the personal property not recoverable through replevin.  In "Exhibit A" attached to their complaint, the Carmodys provided a spreadsheet with a description of each item at issue as well as the item's purported value, owner, and last known location.  Christa answered the Carmodys' complaint and filed a counterclaim for replevin, conversion, quantum meruit, and unjust enrichment.  In response to the Carmodys' motion under Mississippi Rule of Civil Procedure 12(b)(6) to partially dismiss her counterclaims for replevin and conversion, Christa filed an amended answer and counterclaim.

¶3.     After a September 28, 2016 hearing on the parties' respective replevin claims, the county court ordered the parties to attempt a resolution through mediation. During mediation the parties settled all their claims and entered into a mutual release that set forth the terms of their agreed settlement.  After being advised of the parties' settlement, the county court entered an agreed order on October 31, 2016, to dismiss all claims with prejudice.  On December 2, 2016, the Carmodys filed a motion seeking enforcement of the settlement, attorney's fees, sanctions, and an expedited hearing.  In the motion, the Carmodys asserted that they had returned all of Christa's personal property to her but that she had refused to return their personal property.  The Carmodys included an itemized list of the property they contended Christa had refused to return.

2

¶4.     On December 14, 2016, the county court heard argument on the Carmodys' motion, and, from the bench, the court ordered Christa to return the remaining items to the Carmodys within forty-eight hours.  In a subsequent motion for contempt filed on January 3, 2017, the Carmodys alleged that Christa only returned some of the items identified in their December 2, 2016 motion.  The Carmodys provided a new list that purportedly identified twenty-four items or categories of items not yet returned.  The Carmodys estimated the value of the outstanding items to be $11,028.  They asked the court to hold Christa in contempt until she either returned the remaining items or paid them the items' value.  In addition, the Carmodys asked that the court award them attorney's fees.

¶5.     Following a hearing, the county court entered an April 11, 2017 judgment on the Carmodys' contempt motion.  With regard to the items the Carmodys asserted Christa still had not returned, the county court referenced the parties' mutual release.  The mutual release included a column entitled "Christa."  The county court found the column reflected Christa's apparent position as to each item's location prior to the mediation.  The court further found the information provided in the mutual release supported Christa's testimony that she was unfamiliar with some of the listed items, had returned all the items in her possession of which she had any knowledge, and did not have any of the items at issue.  The court further concluded "there were a few items listed in the [m]otion for [c]ontempt that were not specifically identified on Exhibit 'A' to the [m]utual [r]elease."  Based on its findings, the court denied the contempt motion.

¶6.     Following the denial of their motion to reconsider, the Carmodys appealed to the

3

circuit court. The circuit court upheld the county court's denial of the motion for contempt. Aggrieved, the Carmodys appeal to this Court.

## STANDARD OF REVIEW

¶7. Here, "[t]he county court was the fact finder, and the circuit court, as well as this Court, are bound by the judgment of the county court if supported by substantial evidence and not manifestly wrong." *Stevens v. Grissom*, 214 So. 3d 298, 300 (¶6) (Miss. Ct. App. 2017). "[T]he judgment of a circuit or county court in a non-jury trial is entitled to the same deference on appeal as a chancery[-]court decree." *Id.* Thus, where substantial, credible, and reasonable evidence supports the factual findings of a trial judge sitting without a jury, the appellate courts will not disturb the findings on appeal. *Stratton v. McKey*, 204 So. 3d 1245, 1248 (¶8) (Miss. 2016).

## DISCUSSION

¶8. The Carmodys argue the county court and, in turn, the circuit court erred by failing to enforce the parties' mutual release and to hold Christa in contempt for failing to comply with the terms of the mutual release. "To be found in contempt, a party has to willfully and deliberately violate a court order." *McKnight v. Jenkins*, 155 So. 3d 730, 732 (¶7) (Miss. 2013). "Contempt matters are committed to the substantial discretion of the trial court, which, by institutional circumstance and both temporal and visual proximity, is infinitely more competent to decide the matter than are we." *In re C.T.*, 228 So. 3d 311, 318 (¶17) (Miss. Ct. App. 2017).

¶9. In its December 14, 2016 bench ruling on the Carmodys' motion to enforce the

4

settlement agreement, the county court ordered Christa to return the items listed in "Exhibit A" of the mutual release within forty-eight hours. In the Carmodys' motion to hold Christa in contempt for failing to comply with the court's prior ruling, the Carmodys identified twenty-four items or categories of items they alleged Christa had not yet returned. Based on their assertions, the Carmodys asked the county court to hold Christa in contempt until she either returned or paid for the identified items.

¶10.    The county court found "Exhibit A" of the mutual release, which identified the property to be returned, was prepared either by or on behalf of the Carmodys and then provided to Christa during mediation. With regard to the information contained in the exhibit, the county court stated:

> While a location is listed for each item, the testimony indicates that is the place where . . . [Tripp] last knew where the item was located. The column marked "Value" reflects what . . . [Tripp] either paid for the item or what it costs new. It does not take depreciation into account. The column identified as "Christa" has a variety of different comments listed beside the items. These comments apparently reflect . . . [Christa's] position as to each item prior to mediation.

¶11.    At the hearing on the contempt motion, Christa testified her understanding of the parties' agreement was that she had to return any items in her possession. She stated she never conceded possession of all the items listed in the exhibit to the mutual release. Instead, she claimed she had always told the Carmodys they could have any items inside her storage units and had given the Carmodys access to the units. In addition, Christa testified she was unfamiliar with some of the items identified in the contempt motion and did not have any of those items in her possession. According to Christa, she had returned all the items in her possession about which she knew or had the ability to know.

5

¶12. After reviewing the mutual release, the county court concluded the document and its attached exhibit supported Christa's testimony in multiple instances. The court found the column labeled "Christa" clearly indicated that Christa disputed her possession of certain listed items. In fact, the court determined that the items at issue were those which Christa disputed having possession of, claimed she was unfamiliar with, or denied knowing the location of. The county court further found that multiple items at issue in the contempt motion were never even specifically identified in the exhibit to the mutual release.

¶13. Based on its findings, the county court denied the Carmodys' motion to hold Christa in contempt for failing to comply with the court's prior ruling. Clearly, the county court and, in turn, the circuit court found credible Christa's testimony on the matter. "When a trial [court] . . . , rather than a jury, is the finder of fact, [it] . . . has the full authority to determine the credibility of witnesses, just as is the jury's duty in a jury trial." *Stevens*, 214 So. 3d at 301 (¶10). Upon review, we find no manifest error in the county court's denial of the contempt motion. Because substantial credible evidence supports the county court's decision, we find this assignment of error lacks merit.

CONCLUSION

¶14. We find substantial credible evidence supports the county court's denial of the Carmodys' contempt motion. We therefore affirm the circuit court's judgment.

¶15. **AFFIRMED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR.**