# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CA-00522-COA

**ELLIS TURNAGE**                                                                 **APPELLANT**

**v.**

**MARY ALICE BROOKS, ELLIS CHRISTOPHER**                          **APPELLEES**
**BROOKS AND ALEX JARRETT BROOKS**

| | |
|---|---|
| DATE OF JUDGMENT: | 03/21/2019 |
| TRIAL JUDGE: | HON. STEVE S. RATCLIFF III |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | TAMEKIA ROCHELLE GOLIDAY |
| ATTORNEYS FOR APPELLEES: | MARY ALICE BROOKS (PRO SE) |
| | ELLIS CHRISTOPHER BROOKS (PRO SE) |
| | ALEX JARRETT BROOKS (PRO SE) |
| NATURE OF THE CASE: | CIVIL - REAL PROPERTY |
| DISPOSITION: | REVERSED AND REMANDED - 07/28/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE BARNES, C.J., McDONALD AND McCARTY, JJ.

### BARNES, C.J., FOR THE COURT:

¶1.     Ellis Turnage and Mary Brooks had two children born out of wedlock—Ellis Brooks, born in 1989, and Alex Brooks, born in 1994.[1]  In 2002, Turnage bought a home in Madison County at 119 Highland Cove, Ridgeland, Mississippi ("subject property"), for the purpose of providing housing for Mary and the children (referred to collectively as "the Brookses").[2]

---

[1] Because both children have reached the age of majority and are named parties to this appeal, pseudonyms have not been used to protect their identities.

[2] Turnage is the sole owner of the subject property as evidenced by the warranty deed contained in the record.

With Turnage's permission, the Brookses resided in the home without paying rent until 2014.

¶2. On November 13, 2009, Mary filed an action in the Bolivar County Chancery Court, seeking to adjudicate paternity and establish child support.[3] A trial on the merits was held before Special Judge Edward Prisock, and the chancery court entered its final decree on June 10, 2014, awarding Mary child support and ordering Turnage to pay eighty-percent "of all [Alex's] reasonable college expenses commencing with his enrollment . . . in 2013," including but not limited to "housing, tuition, books and supplies, incidental fees and charges, as well as any other school expenses." The chancery court also concluded that Turnage's allowing the Brookses to reside at the subject property was "a gift" that "should not be considered a credit for child support obligations." This Court affirmed the chancery court's judgment on August 23, 2016. *Turnage v. Brooks*, 213 So. 3d 103, 107 (¶¶15-16) (Miss. Ct. App. 2016) (finding no merit to Turnage's argument that anything he provided to the children "would have to be classified as child support and deducted from the monthly award").

¶3. On October 6, 2014, Turnage mailed a thirty-day notice of eviction to Mary's attorney, stating that Mary was "unlawfully in possession of the property" and demanding that the Brookses vacate the subject property on or before November 6, 2014. A second thirty-day eviction notice was sent on October 22, 2014, but the Brookses did not comply. On May 19, 2016, Turnage filed a complaint for unlawful entry and detainer with the County Court of Madison County, seeking immediate possession of the subject property and monetary

---

[3] Turnage is a resident of Bolivar County.

damages to compensate for loss of use of the property. In the complaint, Turnage asserted that the Brookses' right to possession "expired on May 16, 2015 when . . . Alex . . . turned 21 years old." On June 21, Turnage filed an amended complaint, asserting additional claims for statutory "double rent"[4] and statutory eviction of the tenants.[5]

¶4. A bench trial was held on January 17, 2017. Alex, who was twenty-two years old, testified that he was a full-time student at the University of Mississippi and that he was expected to graduate with a bachelor's degree in pharmaceutical sciences in May 2018. Alex lived in campus housing, which was paid for through his student loans, and he remained on campus during the summer months, taking classes. The county court entered its order on February 7, 2017, finding Alex was entitled to possession of the subject property until May 31, 2018.[6] Considering the chancery court's final decree, the county court reasoned that because "'housing' was part of Mr. Turnage's responsibilities for college expenses, in the absence of any other housing or college assistance, . . . Alex ha[d] a right to possess the home while he is in college." The court denied Turnage's request for rent and attorney's fees.

---

[4] Section 89-7-25 of the Mississippi Code Annotated (Rev. 2011) provides that a "tenant" who "refuse[s] to quit the demised premises" upon being lawfully notified by the "landlord" shall "pay to the landlord double the rent which he should otherwise have paid" while he continues in possession.

[5] Section 89-7-27 of the Mississippi Code Annotated (Rev. 2011) provides that a "tenant . . . at will or at sufferance . . . shall be removed from the premises by the judge of the county court . . . [w]here such tenant shall hold over and continue in possession of the demised premises, or any part thereof, after the expiration of his term, without the permission of the landlord."

[6] Ellis and Mary were not allowed to remain in the home except with Alex's express permission.

¶5. Turnage filed a motion for reconsideration on February 17, 2017, which was amended on January 24, 2018. While the motion to reconsider was pending, the Brookses filed a contempt action against Turnage in the chancery court, alleging that Turnage "failed to abide by the direct order of this [c]ourt in the payment of child support and college expenses." The chancery matter was tried on April 2, 2018, before Special Judge Mills Barbee because the former judge was then deceased. However, the record does not contain a judgment by the chancery court in the contempt matter; nor have the parties filed an application for writ of mandamus with the Mississippi Supreme Court under Mississippi Rule of Appellate Procedure 15(a) to compel the chancery court to render a decision.

¶6. On April 26, 2018, the county court held a hearing on Turnage's amended motion for reconsideration. Turnage argued that (1) the county court lacked jurisdiction to modify the chancery court's decree, (2) the county court's order "result[ed] in double recovery," and (3) the chancery court's decree did not indicate "that post-emancipation college expenses and support should be paid for Alex." The court denied the motion to reconsider on May 7, 2018, finding that the "February 7, 2017, Order allowing Alex Brooks possession of the property at issue until 5:00 pm on May 31, 2018, remains in effect."

¶7. Aggrieved, Turnage filed a notice of appeal with the Madison County Circuit Court. Considering "the briefs and authorities submitted as well as the entire record," the circuit court affirmed the county court's decision, finding it "both supported by substantial evidence and not manifestly wrong."

¶8. Turnage contends that the county court erred in failing to evict Alex from the subject

4

property and failing to award Turnage monetary damages as compensation for the loss of use of the property. We find the county court committed manifest error by allowing Alex to maintain possession of the subject property until May 31, 2018, as satisfaction for Turnage's support obligation under the chancery court's decree. Because Alex has already vacated the premises as of May 31, 2018, we find it unnecessary for the county court to enter an order of eviction on remand, as that issue is moot. With regard to Turnage's claim for damages, we reverse and remand for the court to determine an award of reasonable compensation.

## STANDARD OF REVIEW

¶9. When the county court sits as the fact-finder, the circuit court and this Court, as appellate courts, "are bound by the judgment of the county court if supported by substantial evidence and not manifestly wrong." *Bacallao v. Madison County*, 269 So. 3d 139, 144 (¶21) (Miss. Ct. App. 2018) (quoting *Stevens v. Grissom*, 214 So. 3d 298, 300 (¶6) (Miss. Ct. App. 2017)). Further, "the judgment of a circuit or county court in a non-jury trial is entitled to the same deference on appeal as a chancery court decree." *Id*. (quoting *Patel v. Telerent Leasing Corp.*, 574 So. 2d 3, 6 (Miss. 1990)).

## DISCUSSION

¶10. Contending the county court lacked authority "to modify and enforce compliance" with the chancery court's decree, Turnage claims the court erred in determining that Alex had "a possessory interest in the subject property which precluded eviction." He also argues that the county court erred in denying his request for monetary damages. Turnage requests that we reverse the court's orders and award him damages in the amount of $46,200 as

5

compensation for the loss of use of the subject property or, alternatively, remand the case to the county court for an assessment of damages.[7]

> **I.** **Whether the county court erred in finding Alex was entitled to possession of the subject property until May 31, 2018.**

¶11. Turnage argues that the county court's order is void in its entirety because the court lacked jurisdiction. We disagree. County courts have exclusive jurisdiction over matters of unlawful entry and detainer. Miss. Code Ann. § 9-9-21 (Rev. 2019). Therefore, the county court had exclusive jurisdiction over whether to order the Brookses to vacate the premises, and we do not find its order void.

¶12. The "sole office" of an action of unlawful entry and detainer, however, "is to try possessory rights," *Richardson v. Callihan*, 73 Miss. 4, 19 So. 95, 95 (1895). We agree with Turnage that the county court erred in finding the chancery court's order that Turnage contribute to Alex's college expenses, including his college housing, entitled Alex to possess the home in Madison County. Section 93-9-15 (Rev. 2013) of the Mississippi Code Annotated does grant the county, circuit, and chancery courts concurrent jurisdiction over paternity actions in which "all remedies for the enforcement of orders awarding custody or . . . for education, necessary support and maintenance . . . for legitimate children shall apply." Miss. Code Ann. § 93-9-15. The putative father, however, "must defend the cause in whichever court the action is commenced, [and the] court has continuing jurisdiction to

---

[7] Turnage has not challenged on appeal the court's determination that he was not entitled to attorney's fees. "Where an assignment of error is not discussed in the briefs, it is considered abandoned and waived on appeal." *Petty v. Baptist Mem'l Health Care Corp.*, 190 So. 3d 17, 20 (¶7) (Miss. Ct. App. 2015) (quoting *Clay v. Clay*, 837 So. 2d 215, 220 (¶27) (Miss. Ct. App. 2003)).

6

modify or revoke [its] order[.]" *Id*. In this case, the paternity action was filed in the Bolivar County Chancery Court; that chancery court retained continuing jurisdiction over the support and maintenance issues.[8] The Brookses even admit that because Turnage had failed to comply with the chancery court's decree, the county court's ruling "opened up a passage or another avenue . . . to enforce the [chancery court's] judgment." While Turnage may have been in arrears for his support obligations, that issue is to be resolved through the contempt action filed in chancery court, not the county court's action for unlawful entry and detainer.[9] The Brookses have cited no authority for the county court to take jurisdiction of these issues from the chancery court.

¶13. Moreover, Alex had alternative housing at college, admitting that he was living in campus housing while attending classes in Oxford. Therefore, we find the county court was manifestly wrong in allowing Alex to maintain possession of the Madison County residence, in addition to his college housing.[10]

---

[8] Furthermore, "[t]he priority-of-jurisdiction rule stands for the premise that if the first court in which the action is filed has proper subject matter jurisdiction, that court should retain jurisdiction over the whole controversy." *Issaquena Warren Ctys. Land Co. LLC v. Warren County*, 996 So. 2d 747, 750 (¶8) (Miss. 2008). "Chancery courts retain continuous jurisdiction over final decrees providing for alimony, custody of children and child support[.]" *Austin v. Austin*, 981 So. 2d 1000, 1005 (¶16) (Miss. Ct. App. 2007).

[9] For this reason, we decline to address Turnage's argument that the chancery court's order did not award post-emancipation support and that therefore his support obligations ceased when Alex reached the age of majority.

[10] While it was later noted at the hearing on the motion for reconsideration that Alex had been accepted to pharmacy school and would be working in Madison County as a pharmacy intern, the Brookses have not cross-appealed from the court's ruling that Alex was entitled to possession of the subject property only until completion of his undergraduate studies in May 2018.

¶14. Lastly, even if the chancery court did not have priority jurisdiction to enforce its judgment, this housing Turnage provided could not be used as a method to offset Turnage's support obligation because this Court has already affirmed the chancery court's determination that the housing was a "gift." *See Turnage*, 213 So. 3d at 107 (¶16).[11] Turnage apparently decided to revoke or terminate that gift; no authority has been cited for why he was not entitled to do so.

¶15. Accordingly, we find the county court erred in ruling that Alex was entitled to possession of the home until May 2018 based solely on Turnage's obligation under the chancery court's order to contribute to his son's college expenses. Because Alex has already vacated the home, however, we find it unnecessary for the court to enter an order of eviction against Alex on remand.

## II. Whether the county court erred in denying Turnage's request for monetary damages.

¶16. Turnage argues that he is entitled to "reasonable rent" as provided in Mississippi Code Annotated section 89-7-5 (Rev. 2011), which states that "[w]here there is no contract, or where the agreement is not in writing, a landlord may maintain an action to recover reasonable satisfaction for the use and occupation of the lands held and enjoyed by another."

---

[11] *See EMC Mortg. Corp. v. Carmichael*, 17 So. 3d 1087, 1090 (¶9) (Miss. 2009) ("[C]ourts can not revisit adjudicated claims[,] and all grounds for, or defenses to recovery that were available to the parties in the first action, regardless of whether they were asserted or determined in the prior proceeding, are barred from re-litigation in a subsequent suit under the doctrine of res judicata." (citation and internal quotation marks omitted)).

Contending he was denied use of the property from November 22, 2014,[12] thirty days after the second notice of eviction, until May 31, 2018, Turnage estimates that he is "entitled to reasonable rent for this period," estimated at $46,200 (42 months times $1,100).

¶17.    Because Turnage filed an action for unlawful entry and detainer in the county court, however, we find the controlling statutory provision addressing compensation as a result of the unlawful entry and detainer is Mississippi Code Annotated section 11-25-111 (Rev. 2019), which provides:

> The plaintiff *may*, on the trial, *claim and establish by evidence*, any amount due for arrears of rent on the land of which possession is sought, *or a reasonable compensation for the use and occupation thereof*; and the judge of the county court, shall find upon the evidence the arrears of rent or *reasonable compensation* and the judge of the county court may give judgment against the defendant in the action for such arrears of rent or *reasonable compensation* and may award a writ of fieri facias thereon.  All such cases shall be tried by the judge without the intervention of the jury.

(Emphasis added).  As we already established, the Brookses did not pay Turnage rent; their possession of the home, until the notice to vacate, was a "gift."  Therefore, Turnage cannot demonstrate any arrearage of rent, and therefore there could be no double rent recoverable under section 89-7-25.  Additionally, Turnage is not a traditional "landlord" but a father seeking to obtain damages for his son's failure to vacate the father's property.  Turnage may, however, be able to "establish by evidence . . . a reasonable compensation for the use and occupation" of the premises.  We reverse the judgment and remand to the county court for a determination, under section 11-25-111, of reasonable compensation owed to Turnage, if

[12] We note that over the course of the proceedings, Turnage has alleged conflicting dates with regard to the alleged date the Brookses were no longer entitled to possession of the premises.

any, for the Brookses' failure to vacate the subject property upon notice; however, the county court may not deny compensation as an alternative to child support as discussed previously.

¶18. **REVERSED AND REMANDED.**

**J. WILSON, P.J., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE AND McCARTY, JJ., CONCUR. CARLTON, P.J., CONCURS IN PART AND DISSENTS IN PART WITHOUT SEPARATE WRITTEN OPINION.**